Emerick *vs.* Coakley, *et al.*

(Decided 15th February, 1872.)

CATHERINE V. EMERICK *vs.* DANIEL COAKLEY, and others, trading as COAKLEY BROTHERS.

*Assignment by a Wife of a policy of Insurance upon her Husband's life—Construction of Article XLV, sections 8, 9 and 11 of the Code of Public General Laws—Wife's power of disposal of her Separate property—Forbearance—Consideration.*

An assignment by a wife and her husband, for the benefit of his creditors, of a policy of insurance on his life, obtained for her sole and separate use, and made payable to her and her assigns, is valid.

The forbearance of the creditors of the husband, and the granting an extension of time for the payment of his debts, is a valid consideration for an assignment by the wife.

APPEAL from the Circuit Court of Baltimore City.

In 1869, William H. Emerick and Catherine V. Emerick, his wife, assigned a policy of life insurance upon the life of

Emerick *vs* Coakley, *et al.*

the former, for the sole and separate use of the latter, in the Charter Oak Life Insurance Company, to Coakley Brothers, for the purpose of securing to them the payment of certain notes of William H. Emerick, given in liquidation of an indebtedness of the firm of which he was a member, and in consideration of an extension of time for the payment of the same.   In 1870, William H. Emerick died, and thereupon his widow and Coakley Brothers both claimed the whole amount of the insurance, the latter, however, agreeing to pay over to the widow the balance remaining after the settlement of the liquidated indebtedness of the decedent to them.   The Insurance Company filed a bill of interpleader against both parties, and paid the money into Court.   The widow was then made complainant, and Coakley Brothers defendants, and after proceedings, a final decree was passed adjudging to Coakley Brothers the amount of their claim, and the balance, after paying costs, to Mrs. Emerick.   From this decree the latter appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, BOWIE and GRASON, J.

*Sebastian Brown* and *William A. Fisher*, for the appellant.

*Bernard Carter* and *Thomas M. Lanahan*, for the appellees.

GRASON, J., delivered the opinion of the Court.

The question presented upon this appeal is, whether the assignment by the appellant and her husband to the appellees, of a policy of insurance on her husband's life, obtained for her sole and separate use, is valid.

Its validity is questioned upon several grounds, and first, because it was not understood by the appellant, and was without consideration.

We have carefully examined and considered the evidence contained in the record, and we think that it clearly shows

that the firm of Ross & Emerick, of which William H. Emerick, the husband of the appellant, was a member, was indebted to the appellees, and that in order to obtain an extension of time for payment, he proposed to them to give his individual notes for the payment thereof, to be secured by an assignment of the life policy. This offer was accepted by the appellees; the notes were given, the assignment was prepared and fully explained to the appellant, who thereupon freely and voluntarily executed it, and in view of these facts, it cannot be said that she did not fully understand the nature and effect of her act.

An agreement to forbear, for a time, proceedings at law or in equity to enforce a well founded claim is a valid consideration for a promise. 1 *Parsons on Cont.*, 365, (5*th ed.*, 440.) Nor is it material that the party making the promise, in consideration of such forbearance, should have a direct interest in the suit to be forborne, or be directly benefitted by the delay; for the benefit to the defendant will be supposed to extend to him, and it would be enough to make the consideration, valid that the creditor is injured by the delay. 1 *Pars. on Cont.*, 368, (5*th ed.*, 443.) The forbearance of the appellees, and the granting to William H. Emerick an extension of time for payment of the debt, constitute a good and valid consideration for the assignment, and it must be supported unless there is some statute or principle of law which forbids it.

That a wife may assign or incumber her separate property for her husband's debt, is fully established by the decisions of this Court in the cases of *Tiernan vs. Poor*, 1 *G. & J.*, 216; *Brundige, et al., vs. Poor*, 2 *G. & J.*, 1; *Price vs. Bigham*, 7 *H. & J.*, 296; *Berrett vs. Oliver*, 7 *G. & J.*, 191.

But it is said that an assignment of a life-policy is not authorized by sections 8 and 9 of Article 45 of the Code, inásmuch as those sections are, in their nature and character, enabling, and do not expressly authorize the wife to assign the policy. It is true that the wife was not, before the enact-

ing of those sections, authorized to insure the husband's life; yet, those sections must be construed with the other sections of the same Article, as well as with reference to the decisions of this Court in regard to the rights of married women to, and disposition of, their separate property. By section 11 of Article 45, they are empowered to dispose of their separate property, both real and personal, by conveyance, in which their husbands join; and, therefore, it was not necessary, in sections 8 and 9, to again give the power of disposition, which they already possessed, with respect to all their property of every description, under section 11. In the case of *The New York Life Insurance Co. vs. Flack*, 3 *Md.*, 341–354, this Court has said, that a life-policy is like any *other chose in action*, assignable by the person in whose favor the contract is made. See also *Harrison vs. McConkey*, 1 *Md. Chan. Dec.*, 34; *Mutual Protection Ins. Co. vs. Hamilton*, 5 *Sneed's Rep.*, 269. It has also been held by this Court, that a married woman may act as a *fème sole* with reference to her separate property, and that the right to dispose of it accompanies the ownership, unless she is restrained from so doing by the *express language* of the instrument under which she holds. *Cooke vs. Husbands*, 11 *Md.*, 503, 504–507; *Koontz vs. Nabb.*, 16 *Md.*, 549; *Michael vs. Baker*, 12 *Md.*, 169; *Chew vs. Beall*, 13 *Md.*, 360. So far from an assignment being prohibited by the terms of this policy, the amount of the insurance is made payable to her *and her assigns*, and the Insurance Company, by which the policy was issued, has endorsed thereon its approval of the assignment, made by the appellant and her husband to the appellees.

It is urged, however, that the power given to the wife to insure the life of the husband for her sole use, was intended to provide the means of support for the wife and children after the husband's death, and that, therefore, such a policy stands upon a different footing from all other separate property of the wife, and that an assignment of it is against public policy; and the case of *Eadie vs. Slimmon*, 26 *New*

*York Reps.*, 11, 15, 17, 18, is relied upon as conclusive authority upon this point, especially as the statute of New York, in regard to such life-policies, is substantially the same as ours. In view, however, of the 11th section of Article 45 of the Code, and the decisions of this Court respecting the disposition by married women of their separate property, to which we have before referred, we cannot recognize the decision in *Eadie vs. Slimmon* as law in this State. We think that the correct rule of law is announced in the case of *Pomeroy vs. Manhattan Life Ins. Co.*, 40 *Ill. Reps.*, 402. In that case, a policy was issued to the wife upon her husband's life, payable to her and her assigns, and during the husband's life, she assigned $600 of the amount to a creditor of the husband, to secure the payment of the debt. After her husband's death, the widow and the assignee both claimed payment; the widow of the whole amount insured, and the assignee the amount assigned to him; the Insurance Company filed a bill of interpleader, and the decree was in favor of the assignee; so that the facts in that case are almost identical with those in the case now before us. The widow appealed, and the decree was affirmed, and Chief Justice WALKER, in delivering the opinion of the Court, after reciting the provisions of the Illinois statute, which is very similar to section 11 of Article 45 of our Code, says: "The application for this policy was in the name of Mrs. Pomeroy, and it was issued to her, and it is not denied that it was her sole and separate property, and if so, under this act it was at her disposal and under her control, and no reason is perceived why her assignment to appellee was not binding in equity, and if so, she cannot repudiate her act. Under the statute, she is entitled to the benefits it confers, and must be held liable for her acts performed in pursuance of the authority it confers."

But it was also contended, upon the authority of *Godsall vs. Boldero*, 9 *East.*, 72, that a life policy is a contract of indemnity, and therefore is not assignable until the loss has oc-

curred; that is, until after the death of the party upon whose life the policy is granted.

The decision of Lord ELLENBOROUGH in that case has been reviewed and overruled in the cases of *Law vs. The London Indisputable Life Policy Company and Robertson*, 1 *Jur., N. S.,* 180, and *Dalby vs. The India and London Life Ins. Co.,* 80 *Eng. C. L. Reps.,* 386. In the latter case, PARKE, Baron, in delivering the opinion of the Court says, "the contract commonly called life assurance, when properly considered, is a mere contract to pay a certain sum of money on the death of a person, in consideration of the payment of a certain annuity for his life; the amount of the annuity being calculated, in the first instance, according to the probable duration of the life, and, when once fixed, it is constant and invariable. The stipulated amount of annuity is to be uniformly paid on one side, and the sum to be paid in the event of death is always (except when bonuses have been given by prosperous offices) the same on the other. *This species of insurance in no way resembles a contract of indemnity.*"

The doctrine upon this point, as announced in *Godsall vs. Boldero*, seems also to have met the decided disapproval of this Court in the case of *Whiting, use of Sun Mutual Ins. Co. vs. Independent Mutual Ins. Co.,* 15 *Md.,* 326.

We are of the opinion that the decree of the Court below is correct, and it will be affirmed.

*Decree affirmed.*

(Decided 15th February, 1872.)

STEWART, J., dissented.