(Decided 21st June, 1876.)

FRANKLIN MEDCALFE *vs.* THE BROOKLYN LIFE INSURANCE COMPANY OF NEW YORK.

*Action for Malicious prosecution—Distinction between Questions of Law and Fact in such action.*

The action for malicious prosecution depends upon the proof of two facts,— the want of probable cause for the prosecution, and malice on the part of the prosecutor, as the motive for the prosecution.

The union of these two conditions is essential to the injury known as malicious prosecution. The absence of either is fatal to the suit.

Malice may be inferred from the want of probable cause; but where probable cause exists, malice, however intense, will constitute no cause of action.

What facts will be sufficient to constitute probable cause for a criminal prosecution is a question for the Court; whether such facts exist as will constitute the probable cause, or the absence of it, is a question for the jury.

In an action for malicious prosecution the plaintiff prayed the Court to instruct the jury that the question whether the defendant had probable cause for instituting the criminal proceedings against him, was one to be decided by the jury upon all the evidence in the case. HELD:

That this prayer submitted a question of law to the jury and was therefore improper.

Medcalfe *vs.* Brooklyn Life Ins. Co. of New York.

Where in such action the facts are admitted and undisputed as far as the question of probable cause is concerned, the defendant has the right (without any hypothetical instructions) to submit the question of the legal sufficiency of such facts to the Court.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*First Exception.*—Omitted, being unimportant.

*Second Exception.*—The plaintiff offered the following prayers:

1. That unless the jury shall find from all the evidence, that the plaintiff, when he took to his own use, from time to time, the sum of $1400, mentioned in the evidence, he intended thereby fraudulently to embezzle the same, and cheat the Company out of it, he was guilty of no offence under section 49 of Article 30 of the Code of Public General Laws of the State, or any other law of the State.

2. If the jury shall find from all the evidence that the Company by its agent or agents consulted the two counsel Messrs. Bryan & Merryman, who have been examined as witnesses by the plaintiff in relation to what steps the Company should take relative to the sum of $1400 and they got advice, and afterwards ceased to employ the said counsel, they cannot rely for their defence of the wrong for which this suit is brought, upon the ground that they afterward consulted and acted upon the advice of other counsel.

3. That the question whether the plaintiff acted in the use of the sum of $1400 with a fraudulent intent is a question for the jury.

4. That the question whether the defendant in having the plaintiff arrested on the criminal charge given in evidence acted with a malicious intent, is one to be decided by the jury upon all the evidence in the case.

5. That the question whether the defendant had probable cause for instituting the criminal proceedings

against the plaintiff mentioned in the evidence, is one to be decided by the jury upon all the evidence in the case.

6. That if the jury find for the plaintiff, then they may find such damages as they may think to be right and proper under all the circumstances given in evidence, of his having been arrested at the instance of the defendant or its agents upon the charge of felony, and for having been held to bail, and his case sent to the Grand Jury for the same charge, if the jury shall find such charge was dismissed by the Grand Jury.

And the defendant offered the following prayers:

1. That the plaintiff has offered no evidence from which the jury can find that the prosecution complained of was instituted without probable cause, and the verdict must be for the defendant.

2. That if the jury find from the evidence that the plaintiff was agent of the defendant, authorized to receive and collect money belonging to the defendant as agent of the defendant, and that the plaintiff as such agent of the defendant did receive and collect money belonging to the defendant, and did convert the same to his own use secretly, and without the knowledge of the defendant, then the plaintiff is not entitled to recover.

3. That there is no proof legally sufficient to connect the defendant with the arrest and prosecution of the plaintiff complained of in this case, and the plaintiff is not therefore entitled to recover.

4. That if the jury shall find that the defendant in reference to the institution and prosecution of the criminal charge complained of, acted *bona fide,* under the advice of counsel, after a full disclosure to the counsel of all the facts known to the defendant, and with the belief that such advice was sound, then the plaintiff cannot recover, although such advice may not have been sound, and although but for such advice the defendant would have had no probable cause for its action.

Medcalfe *vs.* Brooklyn Life Ins. Co. of New York.

5. That this action can only be maintained by proof of actual malice, against the plaintiff in the institution of the prosecution complained of, and that such malice cannot be predicated of a corporation, and this action cannot be maintained.

The Court, (DOBBIN, J.,) rejected all the plaintiff's prayers; and granted the first, third and fifth prayers of the defendant; the defendant then withdrew its second and fourth prayers.

Whereupon the plaintiff excepted to the rejection of his prayers, and to the granting of the first, third and fifth prayers of the defendant, and to the defendant's being allowed to withdraw its second and fourth prayers.

The jury rendered a verdict for the defendant, and judgment was entered accordingly. The plaintiff appealed.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, ALVEY and ROBINSON, J.

*Edwin Higgins,* for the appellant.

*Charles Marshall,* for the appellee.

BOWIE, J., delivered the opinion of the Court.

The subject of the present appeal, is an action for malicious prosecution, brought by the appellant, an agent or solicitor of policies, against the appellee, a corporation, organized under the laws of the State of New York, known as "The Brooklyn Life Insurance Company of New York."

The gravamen of the suit is, that the appellee, on the first of May, 1873, at the City of Baltimore, falsely, and maliciously, and without any reasonable or probable cause whatsoever, charged the appellant, then being the agent of the appellee, with fraudulently embezzling the money

of the appellee, and caused the appellant to be arrested, and held to bail for his appearance before the Criminal Court of the City of Baltimore, etc., from which arrest, he was afterwards discharged, the grand jury finding no presentment against him.

Issue was joined on the plea of "not guilty." At the trial, two exceptions were taken by the appellant; the first, to the exclusion by the Court of certain questions propounded by the appellant; the second, to the rejection of the appellant's prayers, and the granting of the first, third, and fifth of the appellee, and to the assent of the Court to the withdrawal of his second and fourth prayers.

The first exception is unimportant in the consideration of this appeal, inasmuch as the questions which arise on the prayers, go to the existence of the right of action, and are conclusive of the matters in controversy.

The plaintiff's, or appellant's prayers, present substantially the following propositions:

1st. That the appellant must have fraudulently intended to embezzle the appellee's money, and cheat the company, to constitute the offence with which he was charged, under the 49th sec. of the 30th Art. of the Code of Public General Laws, etc.

2nd. That if the company first advised with Messrs. Merryman & Bryan, in relation to their claim against appellant, in the sum of $1400, and had their advice, and afterwards ceased to employ them, they cannot defend the wrong of which the appellant complains, upon the ground that they afterwards consulted and acted upon the advice of other counsel.

3rd. That it is a question for the jury, whether the appellant *acted fraudulently* in the use of the sum of $1400.

4th. That whether the defendant was actuated by malice in causing the arrest, etc., was a question of fact.

5th. That whether there was probable cause for the institution of the criminal proceedings, etc., was a question to be decided by the jury.

6th. That if the jury found for the plaintiff, the amount of damages should be such as the jury might think right and proper under all the circumstances.

The defendant's first, third and fifth prayers, which were granted, affirm these propositions:

First. That there was no evidence from which the jury could find that the prosecution complained of, was instituted without probable cause.

Third. That there is no proof legally sufficient to connect the defendant with the arrest, and prosecution of the plaintiff.

Fifth. That the action can only be maintained by proof of actual malice against the plaintiff, in the institution of the prosecution complained of, and such malice cannot be predicated of a corporation, and this action cannot be maintained.

The prayers of the appellee are in the nature of demurrers to the evidence.

The first and third declare the insufficiency of the testimony, in certain essential particulars, to the maintenance of the action.

The fifth assumes the broader ground, that an action for malicious prosecution does not lie against a corporation aggregate, because it is incapable of malice.

No decision has been made in this State, upon the question raised by the appellee's last prayer. In other States of the Union, and in Great Britain, a great contrariety of opinion has existed on this point, and conflicting decisions have been pronounced by Judges and Courts, of equal eminence and authority.

It is not necessary, and we therefore do not propose to endeavor to reconcile these, or announce any conclusion on this point, in the present case.

The action for malicious prosecution, as it is laid down in all the text-books and reports, depends upon the proof of two facts,—the want of probable cause for the pro-

secution,—and malice on the part of the prosecutor, as the motive of the prosecution.

The union of these two conditions, is essential to the injury, known as malicious prosecution. The absence of either, is fatal to the suit.

Malice may be inferred from the want of probable cause, but where probable cause exists, malice, however intense, will constitute no cause of action.

In the case of *Boyd vs. Cross*, 35 *Md.*, 196, this Court announced the law in these terms:

" To have entitled the plaintiff to recover for malicious prosecution, it was incumbent upon him to prove affirmatively, that he had been prosecuted, or that a prosecution had been instituted by the defendants or one of them; that such prosecution had terminated in his discharge or exoneration from the accusation against him; and that such prosecution was both malicious and without probable cause on the part of the defendant. All of these propositions must concur and be established by the plaintiff, to entitle him to maintain his action. If the evidence adduced be legally insufficient to be submitted to the jury to prove each and all of these elements of the plaintiff's case, his action could well be pronounced groundless, and the defendant not be called on for his defence." *Turner vs. Walker*, 3 *G. & J.*, 377; *Cecil vs. Clarke*, 17 *Md.*, 508; *Williams vs. Taylor*, 6 *Bing.*, 183; *Wheeler vs. Nesbit*, 24 *How.*, 544.

What facts will be sufficient to constitute probable cause for a criminal prosecution, is a question for the Court; whether such facts exist, as will constitute the probable cause, or the absence of it, is a question for the jury.

In *Cecil vs. Clarke*, 17 *Md.*, 524, "Probable cause" was said to be " such conduct on the part of the accused as may induce the Court to infer that the prosecution was undertaken from public motives."

In *Boyd vs. Cross*, Judge WASHINGTON's definition in the case of *Munns vs. Dupont*, 3 *Wash. C. C. Repts.*, 31, was adopted, as most accurate, viz., " such reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to warrant a cautious man in believing the party accused to be guilty."

" The want of probable cause, is a mixed question of law and fact ; but what will amount to the want of probable cause, in any case, is a question of law for the Court. The jury, in our practice are always instructed hypothetically as to what constitutes probable cause, or the want of it, leaving to them to find the facts embraced in the hypothesis." *Boyd vs. Cross*, 35 *Md.*, 197 ; *Cooper vs. Utterbach*, 37 *Md.*, 317. This course was not adopted in the present case. The appellant prayed the Court to instruct the jury, that the question, whether the defendant had probable cause for instituting the criminal proceedings against him (the plaintiff) was one to be decided by the jury, upon all the evidence in the case. The appellee, on the other hand, prayed the Court to instruct the jury, that the plaintiff had offered no evidence from which the jury could find that the prosecution was instituted without probable cause.

The appellant's prayer submitted to the jury a question of law, and was therefore improper ; the appellee's prayer called on the Court to decide whether the evidence offered by the plaintiff, constituted probable cause, assuming it to be true.

The facts being all admitted and undisputed, as far as the question of probable cause was involved, there was no necessity for hypothetical instructions.

The appellee's prayer conceding all the evidence on the part of the appellant to be true, submitted, as was his right, the question of its legal sufficiency, to the Court. It is not necessary to recapitulate the testimony, to show

how far it approximated the measure of probable cause, given by the authorities above cited.

It was proved by the appellant, testifying in his own behalf, and upon cross-examination, that whilst he occupied the high and responsible trust of general agent and collector for the appellee, he several times violated his duty, by appropriating the funds of his principals to his own use, without their privity or consent and concealed his defalcations by false representations. That notwithstanding the first and second offences were overlooked and excused, he transgressed the third time.

However such conduct may be palliated "*in foro conscientiæ,*" by domestic difficulties and distress of the appellant, the condonation of the first and second offences, did not lessen the criminality of the third in the eye of the law, but rather aggravated it. The circumstances were such as constituted a reasonable ground of suspicion, in a cautious man, that the appellant was fraudulently abusing his trust and guilty of the offence with which he was charged. The appellant's evidence, failing in its first and most essential feature,—the absence of probable cause for the prosecution,—it was legally impossible the suit could be sustained.

All other questions presented by the exceptions, are immaterial and unnecessary to be examined.

*Judgment affirmed.*

(Decided 21st June, 1876.)