[See Case No. 6,919a.]

---

NEWCOMB (ADLER v.). See Case No. 83.

---

## Case No. 10,147.

### NEWCOMB v. MUTUAL LIFE INS. CO.

[9 Ins. Law J. 124.]

Circuit Court, D. Massachusetts. Dec. 12, 1879.

LIFE INSURANCE — SUIT BY ASSIGNEE — EQUITY— ASSIGNMENT BY MARRIED WOMAN—RIGHTS OF CHILDREN—CREDITORS.

1. R., a citizen of Massachusetts, insured his life for his own benefit in a New York company. R. subsequently assigned the policy to his wife, who in turn assigned it to plaintiff, as ·security for a loan to the husband. Upon the maturity of the policy, R. and his wife refused ·to allow plaintiff to recover. *Held*, that the assignee of an entire policy must usually sue at law, but where the rights of several parties are in issue, as here, a suit in equity may be maintained.

2. While the contract as between the original parties may be governed by the law of New York, the power of the wife to assign must be ·determined by the law of Massachusetts.

.3. The court favors, without deciding, that St. Mass. 1864, c. 197, intends merely to guard the interest of the wife, and that she is absolute owner during life, with full power of disposal, and with only a contingent interest to children.

4. A married woman who is assignee of a policy in which her children are not mentioned has, at least, a life interest which she may assign.

5. The plaintiff is entitled to the amount due either out of the insurance money or out of the interest from the same until the debt is paid or the wife is dead. Demurrer overruled.

This bill in equity by John J. Newcomb, a citizen of Massachusetts, against the Mutual Life Insurance Company of New York, and J. Sanford Roberts and Sarah Thomas Roberts, citizens of Rhode Island, alleged that on March 13, 1866, the defendant company insured the life of the defendant, J. S. Roberts, then residing at New Bedford, in the state of Massachusetts, in the sum of $1,-500, payable to said Roberts or his assigns, March 13, 1879, if he should then be living, or at his death before that time to his executors, administrators, or assigns; that the assured assigned the policy to his wife in 1869, and in February, 1874, the wife assigned the policy to the plaintiff as security for a loan of $1,000, then made to her husband, for which he gave his note; that the policy was handed to him by the husband and wife, who also verbally agreed that he should hold it as such security; that the company had notice of the assignment, and accepted and assented to the same; that there was now due the plaintiff the sum of $1,176.92 in respect of said loan; that the amount ·of the policy had become due by the lapse of time, but the company refused to pay the same or any part thereof to the plaintiff without the order of said Roberts and wife, and that the latter refused to consent to such payment and refused to join the plaintiff in such proceedings for its recovery, but asserted that the said transfers were void; that the plaintiff had a lien on the policy for the sum aforesaid, and prayed an account, and payment to himself of the sum due him, and to Roberts and wife whatever might be due them. The assignment by Roberts to his wife appeared to have been made in New Bedford; and that by the wife to the plaintiff, in Boston. The defendants demurred severally.

D. Foster and R. T. Lombard, for the respective defendants.

1. The remedy is at law. Walker v. Brooks, 125 Mass. 241.

2. The policy was inalienable. Eadie v. Slimmon, 26 N. Y. 9; Barry v. Equitable Life Assur. Soc., 59 N. Y. 587; Gen. St. Mass. c. 58, § 62; St. 1864, c. 197; Knickerbocker Ins. Co. v. Weitz, 99 Mass. 157.

A. A. Ranney, for plaintiffs.

1. There is a remedy in this court in equity, because the plaintiff is assignee of a chose in action, and because there are conflicting

interests of more than two different parties. Pomeroy v. Manhattan Life Ins. Co., 40 Ill. 398; Norwood v. Guerdon, 60 Ill. 253; Carr v. Silloway, 105 Mass. 549; Angell v. Stone, 110 Mass. 54; Story, Eq. Jur. § 1057a.

2. The New York decisions have not been followed in other states; all the cases elsewhere are in our favor. Connecticut Mut. Life Ins. Co. v. Burroughs, 34 Conn. 305; Emerick v. Coakley, 35 Md. 188; Kerman v. Howard, 23 Wis. 108; Baker v. Young, 47 Mo. 453.

LOWELL, Circuit Judge. The assignee of an entire policy of insurance must usually sue at law for the loss; upon this all the authorities are agreed, however they may differ in regard to other choses in action. Walker v. Brooks, 125 Mass. 241; Story, Eq. Jur. § 1057b. But in this case the defendants. Mr. and Mrs. Roberts, deny that there has been a valid assignment. and may also dispute the amount for which the policy is security, and may not choose to have the whole money collected by the plaintiff. That an action at law might be maintained by this plaintiff appears by the case of Burroughs v. State Assur. Co., 97 Mass. 359; but the court very justly remarked at the close of the judgment in that case, that another lawsuit will be necessary to decide the true ownership of the money; and it appears upon the face of this bill that there are questions of a similar character arising under this policy. In this state of facts, either of the three parties to this suit might maintain a bill to have the rights of all ascertained and adjusted.

Passing to the merits of the case, it is important to enquire whether the assignment is to be governed by the law of New York or by that of Massachusetts. Some late cases in this court have decided that the contract in such a policy, as between the original parties, is to be governed by the laws of New York; but the capacity of this married woman, then residing in Massachusetts, to assign this New York policy to another resident of Massachusetts for a loan made here, the insurers being mere stake holders in the matter must be ascertained. I think, by the law affecting married women in Massachusetts. See Milliken v. Pratt, 125 Mass. 374; Pomeroy v. Manhattan Life Ins. Co., 40 Ill. 402. This seems taken for granted in Emerick v. Coakley, 35 Md. 188, and the other cases cited by the plaintiff. By the law of Massachusetts when this policy was or reports to have been transferred, the husband and wife, together, could convey all her separate property (unless a policy of life insurance is an exception) as security for his debts, or upon any other valuable and lawful consideration. Bartlett v. Bartlett, 4 Allen, 440; Willard v. Eastham, 15 Gray, 328; Heburn v. Warner, 112 Mass. 271. Later statutes have dispensed with the husband's consent.

Is a policy of life insurance an exception to the general rule—that the owner of property may convey it? Our statute of 1864 (chapter 197) enacts that a policy upon the life of any person, duly assigned, transferable or made payable to a married woman, or to any person in trust for her, shall enure to her separate use and benefit and that of her children, independently of her husband or his creditors, or of the person effecting or transferring the same, or his creditors, provided that if any premium is paid in fraud of creditors, an equal amount (of the insurance money) shall enure to the benefit of said creditors. A similar statute, in all which relates to the title of the married woman, has been in operation for a quarter of a century; but no decision of the supreme judicial court has been cited which construes it upon the point now in question. The statute itself does not define the relative rights of the mother and her children, and might be construed to give to her either a simple life interest with a vested remainder in her children; or, a life interest with an absolute power of disposal, leaving a contingent interest in the children if she should not assign the policy or collect the money during her life. It is sound law that if a policy is limited to children upon the death of the mother before the loss, she cannot divest their title by any conveyance of the policy while it is running; and if the statute means to say that in every policy acquired by a married woman there shall be interpolated a limitation over to children, it would seem to follow that the woman would have a life estate, without power to dispose of the remainder. Looking at the whole scope of the act, I am much inclined to think that its intent is merely to guard the interests of the wife against the husband and his creditors, and that she is to be the absolute owner during her life, with only a contingent interest in her children. If this be not so, the legislature have undertaken in a most arbitrary fashion to limit the right of a married woman to buy or receive the gift of a policy insurance. an injustice which I should not willingly impute to them. The courts of all the states which have passed upon this question under statutes more or less like ours, excepting the court of appeals of New York, have held that the married woman has the full domain over the policy, and may sell, assign or pledge it like her other separate policy. Emerick v. Coakley, 35 Md. 188; Baker v. Young, 47 Mo. 453; Archibald v. Mutual Life Ins. Co., 38 Wis. 542; Rison v. Wilkerson, 3 Sneed. 565; Bliss, Ins. (2d Ed.) 651; May. Ins. § 391.

The decisions in New York—Eadie v. Slimmon, 26 N. Y. 9, and Barry v. Equitable Life Assur. Soc., 59 N. Y. 587—are placed upon reasoning which does not apply to our statute; namely, that the statute deprives the husband's creditors of their rights, and must, therefore, be understood very strictly as giv-

ing a support to widows and orphans. Our law expressly provides against fraud upon creditors. I will not pursue the argument, as I do not intend to decide the point at this time.

It is clear to me that our statute gives a married woman who is the assignee of a policy in which her children are not mentioned a life interest, at least, in the policy; and there is no principle of equity better settled than that she can assign that interest. It is enough to refer in support of this elementary proposition to Hulme v. Tenant, and the notes thereon in 1 Lead. Cas. Eq. (4th Am. Ed.) 679, and to the cases first above cited from the Massachusetts Reports. There is not a word in our statute to restrict the alienation by the wife of whatever interest she has, and I see not the slightest ground to interpolate such a restriction, and therefore her assignee, the plaintiff, if the facts stated in the bill are true, will be entitled to a decree, either that the debt due him shall be paid out of the insurance money, or that the whole money shall be held in trust, and that he shall have the income thereof until his debt is paid or until the death of Mrs. Roberts, whichever event shall first occur.

Demurrer overruled.