DELK *v.* KILLEN
DELK *v.* LAMM
(Two Appeals In One Record)
[Nos. 67-68, October Term, 1952.]

*Decided January 14, 1953.*

Before DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

Submitted on brief by *John Delk*, in proper person.

Submitted on brief by *Thomas N. Biddison,* City Solicitor of Baltimore City, and *Milton R. Rothstein,* Assistant City Solicitor.

DELAPLAINE, J., delivered the opinion of the Court.

These actions for malicious prosecution were brought in the Baltimore City Court by John Delk against John Killen and Frank Lamm, of the Baltimore City Fire Department, who had prosecuted him for violations of the Baltimore City Fire Code.

In the declaration against Killen, plaintiff alleged that on July 3, 1951, defendant, by charging him maliciously and without probable cause with violation of the City Fire Code, induced Magistrate Samuel J. Gaboff, of the Northeastern Police Station, to sentence plaintiff to imprisonment in the city jail for 60 days; that plaintiff appealed to the Criminal Court of Baltimore, where the sentence was reduced to 30 days; that plaintiff was released from jail on August 2, 1951, and managed to hobble home, and in spite of his weak physical condition, cleaned up his old house to the best of his ability; nevertheless, on September 11, at the behest of defendant, plaintiff was summoned again to the Police Court and falsely and maliciously accused, and he elected a jury trial, but was held in jail 37 days waiting for the trial; that after a jury trial on October 18 he was released from jail; and that he contracted permanent disease during his imprisonment which has so impaired his health that he has become weak and unable to walk, and by reason of the prosecution he has been damaged to the extent of $25,000 for loss of health and injury to his reputation.

In the declaration against Lamm, plaintiff alleged that his home at 907 North Broadway was broken into and robbed in June, 1951; that defendant took advantage of that occasion to enter the home with a photographer and take pictures of the interior without plaintiff's consent; that defendant used the pictures to vilify, prosecute and persecute him; that defendant was the chief cause of his serving 67 days in jail, and during his imprisonment he contracted serious injuries to his health, and

is now unable to work or even to walk any distance without shortness of breath and weakness in the knees. He claimed $25,000 damages.

Each defendant demurred to the declaration filed against him. The Court sustained the demurrer, and entered judgment in each case in favor of defendant. Plaintiff has brought these appeals from those judgments.

An action for malicious prosecution is an action for damages brought by one against who a criminal prosecution has been instituted maliciously and without probable cause, after the termination of such prosecution in favor of the defendant therein. The gist of the action is the putting of legal process in operation for the mere purpose of vexation or injury. In order to maintain an action for malicious prosecution, one must allege and prove that he was prosecuted, that the prosecution was both malicious and without probable cause, and that it was terminated in his favor. *Boyd v. Cross*, 35 Md. 194, 196; *Medcalfe v. Brooklyn Life Insurance Co. of New York*, 45 Md. 198, 204; *Stansbury v. Luttrell*, 152 Md. 553, 556, 137 A. 339; *Kennedy v. Crouch*, 191 Md. 580, 62 A. 2d 582.

As the declarations in these cases did not allege that the prosecutions were terminated in plaintiff's favor, the judgments of the Baltimore City Court must be affirmed.

*Judgment in No. 67 affirmed, with costs.*

*Judgment in No. 68 affirmed, with costs.*